IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURA LESKINEN,

    Plaintiff,

No. 2:10-cv-03363 MCE KJN PS

    v.

CAROLYN A. HALSEY, et al.,

    Defendants.

ORDER

/

        Plaintiff, who is proceeding without counsel, filed her complaint on December 17, 2010.[1] Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2) and three requests submitted by plaintiff on February 14, 2011 (Dkt. No. 3.). For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2). Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein. Plaintiff's additional requests for relief filed on February 14, 2011, are addressed below.

I.    Plaintiff's Application to Proceed In Forma Pauperis

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§ 1915. Plaintiff's application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. Under the notice pleading standards of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009), cert. denied, 130 S. Ct. 1053 (2010). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

II.     Screening of Plaintiff's Complaint

Generally, plaintiff's 33-page, 155-paragraph complaint alleges 12 claims for relief against 14 defendants, all of whom are alleged to be involved in an overarching conspiracy to deprive plaintiff of a portion of assets allegedly willed to plaintiff in the will of plaintiff's grandmother. Plaintiff alleges all claims against all defendants in rather conclusory fashion. Plaintiff alleges that this court has subject matter jurisdiction over this action under the federal question and diversity jurisdictional statutes. See 28 U.S.C. §§ 1331, 1332. At least provisionally, the undersigned finds that this court has subject matter jurisdiction to consider plaintiff's claims.

There are several deficiencies in plaintiff's complaint that preclude service of the complaint. These pleading deficiencies are addressed below.

A.      Lack of Distinction Among Defendants

Plaintiff's complaint is plagued with an overarching pleading problem in that plaintiff has alleged all of her claims against all defendants. Although such an approach is not

*per se* impermissible, plaintiff must state a plausible claim against each defendant in accordance with the pleading standards discussed above. Instead, plaintiff has indiscriminately alleged a number of claims against all defendants with no indication of the conduct by each defendant that supports each claim against that defendant. Additionally, it is not sufficient to simply allege a vast conspiracy as a substitute for factual allegations. For this reason alone, plaintiff's complaint is dismissed without prejudice. Plaintiff will be given leave to amend her complaint to more adequately apprise defendants of the claims against them. The undersigned turns next to the myriad additional deficiencies that require dismissal of plaintiff's complaint as presently pled.

### B. Plaintiff's Mail Fraud and Wire Fraud Claims

In her first two claims, plaintiff alleges that all defendants committed criminal wire fraud and mail fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1341, respectively. The undersigned dismisses these claims because Sections 1341 and 1343 are criminal statutes that courts have concluded do not provide a plaintiff with a direct, private right of action. See Wilcox v. First Interstate bank of Ore., N.A., 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341."); Idowu v. Astheimer, No. C 10-02672 SBA, 2011 WL 89965, at *2 (N.D. Cal. Jan. 11, 2011) (unpublished) (collecting cases). Accordingly, plaintiff's first two claims are dismissed.

Although plaintiff cannot directly sue any defendants under the federal mail and wire fraud statutes, a violation of those provisions may serve as predicate acts in support of a claim brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010). The Ninth Circuit Court of Appeals recently summarized the mechanics of a RICO claim:

> Under RICO, it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "To state a

4

claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an
enterprise (3) through a pattern (4) of racketeering activity." *Odom v.
Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc).  A "
'pattern' . . . requires at least two acts of racketeering activity." 18 U.S.C.
§ 1961(5).  " '[R]acketeering activity' is any act indictable under several
provisions of Title 18 of the United States Code, and includes the
predicate acts of mail fraud, wire fraud and obstruction of justice." *Turner
v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004).

Id. (modification in original). "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." Id. (citing Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986)). If plaintiff decides to re-allege claims for mail or wire fraud under a RICO theory in an amended complaint, she should be aware that the heightened pleading standard provided in Federal Rule of Civil Procedure 9(b), which is discussed below, applies to any such claims.

### C. Plaintiff's Fraud Based Claims Are Not Pled with Particularity

All of plaintiff's claims are premised on allegations of fraud and a conspiracy to commit fraud. Plaintiff appears to allege a unified course of fraudulent conduct and relies on that course of conduct in support of her claims. Such allegations of fraud heighten the pleading standards applicable to plaintiff's claims beyond the notice pleading standards set forth above. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (noting that where a plaintiff alleges a "unified course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a claim," heightened pleading standards apply); but see id. at 1104 (stating that "a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.").

Federal Rule of Civil Procedure 9(b) addresses claims of fraud and imposes a heightened pleading standard for such claims. Rule 9(b) states: "**Fraud or Mistake; Conditions**

5

**of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted and modification in original).

Here, plaintiff has alleged fraud in all 12 claims alleged against all 14 defendants. Although there are some specific fraud-related facts alleged in the background allegations in plaintiff's complaint (see Compl. ¶¶ 27-52), the later-appearing allegations that substantiate plaintiff's individual claims are not pled with specificity, i.e., it is unclear what fraudulent conduct underlies each of the claims. If the present complaint were served on defendants, none of the 14 defendants would be able to adequately assess the allegations of fraud against them. Accordingly, all of plaintiffs claim are dismissed without prejudice.

Additionally, as to plaintiff's eighth and tenth claims for relief assert claims for common law fraud. The elements of an intentional misrepresentation claim under California law, which applies here,[2] are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with

---

[2] "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). At a

6

the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 203 P.3d 1127, 1135 (2009); accord Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996). In addition, as stated above, a claim for fraud must be pled with particularity, see Fed. R. Civ. P. 9(b), including allegations regarding the time, place, and specific content of the false representations, and the identities of the parties to the misrepresentation. See Swartz, 476 F.3d at 764. Plaintiff's express fraud claims are dismissed because: (1) they are not pled with the required particularity, and (2) do not state claims for which relief can be granted under the elements provided by California law.

Plaintiff's deficiently pled fraud-based claims are dismissed without prejudice. Plaintiff will be granted an additional opportunity to file an amended complaint that attempts to cure such deficiencies. Although it might sound forceful to allege fraud and vast conspiracies to commit fraud, those allegations implicate the heightened pleading standard of Rule 9(b). In amending her complaint, plaintiff should seriously consider which claims she truly believes are premised on alleged fraudulent conduct.

D.  Plaintiff's Malpractice Claim (Claim 11)

In her eleventh claim for relief, plaintiff alleges a claim of "Malpractice and Conspiracy to Commit" against all defendants.[3] (Compl. ¶¶ 137-143.) Plaintiff's claim against all defendants fails to state a claim under California law.

As an initial matter, it is unclear what type of malpractice or professional negligence is being asserted against any defendant. Plaintiff alleges claims against attorneys, law

---

minimum, California law applies to plaintiff's claims of common law fraud, fraudulent inducement, malpractice, and intentional infliction of emotional distress (i.e., claims eight, ten, eleven, and twelve).

[3] Although the caption of plaintiff's complaint suggests that the malpractice claim is alleged against only some of the defendants, plaintiff's allegations in the body of her complaint allege malpractice of some unknown type against all defendants.

7

firms, real estate-related companies, and other non-professional individuals. Plaintiff's scatter-shot manner of pleading makes it very difficult to discern what types of alleged malpractice are at issue.

It appears that plaintiff is alleging, in part, a claim of legal malpractice against some of the parties. "In a legal malpractice action arising from a civil proceeding, the elements are (1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence." Coscia v. McKenna & Cuneo, 25 Cal. 4th 1194, 1199, 25 P.3d 670, 672 (2001) (citing Budd v. Nixen, 6 Cal. 3d 195, 200, 491 P.2d 433 (1971)); accord Wilkinson v. Zelen, 167 Cal. App. 4th 37, 46, 83 Cal. Rptr. 3d 779, 785 (Ct. App. 2008). Here, plaintiff has not satisfactorily alleged facts substantiating the first two elements of a legal malpractice claim against any defendant and, as a result, any legal malpractice claim is dismissed.

Plaintiff also might be alleging some form of malpractice or negligence against real estate professionals. Such claims may lie against a real estate professional as a result of a duty owed by the professional directly to a party or as a result of a duty owed to third parties. See, e.g., Norman I. Krug Real Estate Inv., Inc. v. Praszker, 220 Cal. App. 3d 35, 42, 269 Cal. Rptr. 228, 230-31 (Ct. App. 1990). It is unclear at this point, however, what plaintiff intends to allege in terms of a malpractice claim against a real estate professional, if any. Plaintiff must clarify this claim in any amended complaint.

    E.    Plaintiff's Claim of Emotional Distress

Plaintiff also alleges a claim for intentional infliction of emotional distress. The undersigned dismisses this claim for failure to state a claim.

To state a claim for intentional infliction of emotional distress under California law, a plaintiff must satisfactorily allege the following elements: "(1) extreme and outrageous

conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050, 209 P.3d 963, 976 (2009) (citations and quotation marks omitted). The California Supreme Court has explained that "outrageous" conduct is that which is so "extreme as to exceed all bounds of that usually tolerated in a civilized community," and that "the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." Id. (citations and quotation marks omitted).

Plaintiff has not alleged with any clarity which defendants committed what extreme and outrageous conduct against her. Again, she conclusorily alleges this claim against all defendants without discretion or distinction among defendants. Without more, plaintiff's claim for intentional infliction of emotional distress cannot proceed and will be dismissed without prejudice.

F.  Probate Exception to Federal Jurisdiction

The undersigned briefly addresses the so-called "probate exception" to federal jurisdiction. Several of plaintiff's claims assert impropriety in the context of the probate proceedings in the State of New York. Although the undersigned does not dismiss any of plaintiff's claims as a result of this jurisdictional bar at this point in the proceedings, this exception to jurisdiction is discussed here in an effort to assist plaintiff in considering which claims to re-allege in any amended complaint.

The United States Supreme Court has recognized a probate exception to otherwise proper federal jurisdiction. See Markham v. Allen, 326 U.S. 490, 494 (1946); accord Marshall v. Marshall, 547 U.S. 293, 308 (2006). Briefly stated, the probate exception proscribes a federal court from "'disturb[ing] or affect[ing] the possession of property in the custody of a state court.'" Marshall, 547 U.S. at 311 (modification in original) (quoting Markham, 326 U.S. at

9

494). In Marshall, the Supreme Court specifically defined the scope of this limited exception to jurisdiction, holding that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 311-12; see also Thomas v. Artists Rights Enforcement Corp. (In re Kendricks), 572 F. Supp. 2d 1194, 1198 (C.D. Cal. 2008) ("Causes of action 'merely related' to probate matters are not within the probate exception.").[4] Thus, a federal district court may not exercise jurisdiction to: (1) probate or annul a will, (2) administer a decedent's estate, or (3) dispose of property that is in the custody of a state probate court. See Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 227 (3d Cir. 2008).

Again, the undersigned does not presently dismiss any of plaintiff's claims as a result of the probate exception to jurisdiction. However, plaintiff should not re-allege any claims she believes legitimately fall within this exception to federal jurisdiction.

III. Plaintiff's Requests Filed on February 14, 2011

Finally, the undersigned addresses plaintiff's three requests filed on February 14, 2011. Each request is addressed in turn.

First, plaintiff requests a response to her application to proceed in forma pauperis. Her request is denied as moot, as this order constitutes such a response.

---

[4] Since Marshall, the Ninth Circuit Court of Appeals has only addressed the probate exception in unpublished memorandum dispositions, where that court has confirmed the limited scope of the probate exception. See Campi v. Chirco Trust UDT 02-11-97, 223 Fed. Appx. 584, 585 (9th Cir. 2007) (stating that "[c]laims merely related to probate matters are not within the probate exception" and holding that exception did not apply where plaintiff only alleged claims for fraud, undue influence, and breach of fiduciary duties); Gherini v. Lagomarsino, 258 Fed. Appx. 81, 83 (9th Cir. 2007) (holding that exception did not apply where plaintiff asserted RICO and tort claims and sought an *in personam* damages judgment against the defendants themselves); see also MacMullin v. Poach, 377 Fed. Appx. 711, at *1 (9th Cir. 2010) (stating that "the probate exception to bankruptcy jurisdiction applies to claims against the *res* in the custody of the state court and to matters internal tot he probate of the will").

Second, plaintiff requests "confirmation" that the court has corrected information posted on a private website called "Justia.com," which apparently suggests that plaintiff has not demanded a jury trial. Plaintiff's request is denied because this court is not affiliated with the privately operated website identified by plaintiff. Plaintiff should contact the administrators of that website if she has some problem with the information posted on that website.[5]

Third, plaintiff requests a "password for access to court-filed documents." The court denies plaintiff's request because plaintiff can obtain electronic access to documents filed with the court through the Public Access to Court Electronic Records system, otherwise known as "PACER." The undersigned is directed to the following website: http://www.pacer.gov/.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted 30 days from the date of this order to file an amended complaint that is consistent with this order and complete in itself. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.[6] Additionally,

---

[5] Plaintiff is also directed to Federal Rule of Civil Procedure 38, which addresses the means by which a party properly demands a trial by jury.

[6] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction

11

plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

       3.     Plaintiff's requests for relief filed on February 14, 2011 (Dkt. No. 3), are denied.

IT IS SO ORDERED.

DATED: March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).