IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURA LESKINEN,

    Plaintiff,                              No. 2:10-cv-03363 MCE KJN PS

    v.

CAROLYN A. HALSEY, et al.,

    Defendants.                           ORDER

/

        Presently before the court is plaintiff's "Objection to Judge Kenneth [*sic*] J. Newman On Grounds of Disqualification Pursuant to 28 U.S.C. § 455(a) Resulting From Denial of Right to Jury Trial . . . and Resultant Denial of Due Process . . . [,]" which the undersigned will refer to herein as plaintiff's request for disqualification. (Dkt. No. 5.) In essence, plaintiff argues that the undersigned should disqualify himself from participating in this case because the undersigned allegedly denied plaintiff a right to a jury trial. As discussed below, the undersigned overrules plaintiff's "objection" and denies plaintiff's request for disqualification.

I.      BACKGROUND

        On December 17, 2010, plaintiff filed her complaint and an application to proceed in forma pauperis. (Dkt. Nos. 1, 2.) On February 14, 2011, plaintiff filed a document entitled "Plaintiff [*sic*] Request for Three Actions," which, in relevant part, states:

1

**2. REQUEST [*sic*] CONFIRMATION/CORRECTION IN WRITING TO PLAINTIFF [*sic*] DEMAND FOR JURY TRIAL**

> On December 17, 2010 Plaintiff filed [*sic*] original complaint in this case, citing 12 Causes of Action, and Demanded a Jury Trial (Refer to Original Complaint Page 2 Line 12, and Page 32, line 1).
>
> On February 12, 2011, Plaintiff noticed the Case posting on Justia.com/Dockets and Filings. Under the Heading: **Jury Demanded By:** it states **None.** (Exhibit 1). This is incorrect as noted in [*sic*] preceding paragraph.
>
> *Please confirm in writing that the error has been corrected.*

(Request, Feb. 14, 2011, at 3.)

On March 7, 2011, the undersigned entered an order granting plaintiff's application for leave to proceed in forma pauperis, screening plaintiff's complaint pursuant to 28 U.S.C. § 1915, and dismissing plaintiff's complaint without prejudice. (See Order, Mar. 7, 2011, Dkt. No. 4.) That screening order granted plaintiff 30 days from the date of that order to file a first amended complaint. (Id. at 11.) By separate order, the undersigned granted plaintiff a 30-day extension of time to file her first amended complaint.

The undersigned's screening order also addressed plaintiff's request that the court confirm that it corrected information posted on "Justia.com." (See Order, Mar. 7, 2011, at 11.) In denying plaintiff's request, the order states:

> [P]laintiff requests "confirmation" that the court has corrected information posted on a private website called "Justia.com," which apparently suggests that plaintiff has not demanded a jury trial. Plaintiff's request is denied because this court is not affiliated with the privately operated website identified by plaintiff. Plaintiff should contact the administrators of that website if she has some problem with the information posted on that website.

(Id.) The order also contains a footnote that states: "Plaintiff is also directed to Federal Rule of Civil Procedure 38, which addresses the means by which a party properly demands a trial by jury." (Id. at 11 n.5.) The court's order did not state that plaintiff failed to properly demand a jury trial. Indeed, plaintiff's now-dismissed complaint and civil case cover sheet both contain a

2

demand for a jury trial. (Compl. at 2:12, 32:1-4; Civ. Case Cover Sheet, Dkt. No. 1, Doc. No. 1-1.)

On March 21, 2011, however, plaintiff filed her "objection" and related request for disqualification alleging that the undersigned denied plaintiff her right to a jury trial. The undersigned notes that the court has not yet ordered service of a complaint on any party in this case, no Status (Pretrial Scheduling) Order has yet been entered in this case, and neither the court nor any defendant has challenged the propriety of plaintiff's demand for a jury trial.

II. DISCUSSION

Plaintiff seeks disqualification of the undersigned pursuant to 28 U.S.C. § 455(a) on the ground that the undersigned denied plaintiff her right to a jury trial and thus violated plaintiff's constitutional rights.[1] At the outset, the undersigned notes that although plaintiff only requested that the court correct information reflected on the "Justia.com" website in her February 14, 2011 request, plaintiff now argues in her request for disqualification that she had previously requested that the court correct its docket *and* information on the Justia.com website. (Compare Request, Feb. 14, 2011, at 3, with Req. for Disqualification at 2.) Although plaintiff mischaracterizes her February 14, 2011 request, plaintiff's characterizations are irrelevant to the resolution of her request for disqualification, as discussed below.

Although a judge might be required to disqualify or recuse himself or herself from a case pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455(a), plaintiff only requests that the undersigned disqualify himself pursuant to Section 455(a). Pursuant to 28 U.S.C. § 455(a), "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Ninth Circuit Court of Appeals has

---

[1] The undersigned must rule on plaintiff's request for disqualification pursuant to 28 U.S.C. § 455(a). Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 (9th Cir. 1994) (stating that a motion to disqualify pursuant to 28 U.S.C. § 455(a) "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"); see also Perry v. Schwarzenegger, 630 F.3d 909, 915 (9th Cir. 2011) (wherein a Circuit Judge of the Ninth Circuit Court of Appeals ruled on the motion to disqualify him filed pursuant to, in part, 28 U.S.C. § 455(a)).

held that the substantive standard for recusal under 28 U.S.C. § 455 asks '[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)); accord Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

In United States v. Grinnell Corp., 384 U.S. 563 (1966), the United States Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the context of a Section 144 affidavit, it must stem from an "extrajudicial source." Id. at 583. In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court extended the so-called "extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455(a), but clarified that the alleged bias must *usually* arise from an extrajudicial source. See id. at 554-55 (stating that "it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence). In so holding, the Supreme Court partially described the consequences of the extrajudicial source factor:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555 (citation omitted); see also United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) ("We have described the extrajudicial source factor as involving 'something other than

4

rulings, opinions formed or statements made by the judge during the course of trial.'") (quoting United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008)). "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (citing Liteky, 510 U.S. at 555-56).

Here, the extrajudicial source factor applies to plaintiff's request for disqualification and dooms plaintiff's request. Plaintiff has simply failed to identify any extrajudicial source of any alleged partiality on the part of the undersigned. Instead, plaintiff's questioning of the undersigned's impartiality stems entirely from the undersigned's judicial ruling denying one of plaintiff's requests made on February 14, 2011. Thus, plaintiff's request for disqualification is squarely foreclosed by the Supreme Court's decision in Liteky and the Ninth Circuit Court of Appeals's subsequent decisions that are in accord with Liteky. Accordingly, plaintiff's request for disqualification is denied.

Although not necessary to the disposition of plaintiff's request for disqualification, the undersigned pauses to reiterate that, as a factual matter, the record belies plaintiff's contention that she has been denied a trial by jury. To date, the court has not entered any order precluding plaintiff from seeking or having a trial before a jury. Moreover, the court has not ordered that plaintiff's complaint be served on any defendant in this case and, as a result, no defendant has yet appeared in this action and challenged the propriety of plaintiff's demand for a jury trial stated in the complaint. The undersigned simply denied plaintiff's request that the court somehow correct information on a website that is privately operated and unaffiliated with the court. Finally, the court has not yet conducted a Status (Pretrial Scheduling) Conference or entered a resulting Status (Pretrial Scheduling) Order wherein trial dates would be set and a trial by jury or by the court would be ordered. Taken together, it can hardly be said that plaintiff has been denied a right to a trial by jury.

////

III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff "objection" (Dkt. No. 5) is overruled and her request that the undersigned disqualify himself pursuant to 28 U.S.C. § 455(a) is denied.

IT IS SO ORDERED.

DATED: March 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE