IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURA LESKINEN,

    Plaintiff,

v.

CAROLYN A. HALSEY, et al.,

    Defendants.

No. 2:10-cv-03363 MCE KJN PS

ORDER

/

Presently before the court are several ex parte requests or ex parte motions filed by plaintiff. Each request or motion is addressed below.

First, plaintiff requests permission from the court to use a "table format" in part of her already-filed, 27-page opposition (excluding exhibits) to the motion to dismiss filed by defendants Joe Nemeth and Pinks, Arbeit, and Nemeth ("Nemeth Defendants"). (See Dkt. Nos. 42, 78, 82.) Plaintiff need not seek leave of court to use such a format. Accordingly, plaintiff's request is denied as moot.

Second, plaintiff requests an order of the court prohibiting any of the defendants from filing any motions during the month of September 2011. (Dkt. No. 80.) Many of the 14 named defendants recently filed motions to dismiss on jurisdictional and venue grounds, or notices of joinder in such motions. (Dkt. Nos. 26-31, 42, 45, 55, 57, 65, 67, 69, 71-73.)

Plaintiff's ex parte request is summarily denied. Plaintiff chose to sue 14 defendants, and plaintiff has cited no legal basis to prevent these defendants from defending themselves in this action, including by the filing of pleadings-based motions permitted under the Federal Rules of Civil Procedure. Curiously, plaintiff makes this request despite having filed at least 13 motions or requests between July 21, 2011, and August 23, 2011. (Dkt. Nos. 43, 46-50, 56, 61, 63, 76, 79, 80, 82.)

Third, plaintiff requests that the hearing on the Nemeth Defendants' motion to dismiss be continued from September 8, 2011, to September 15, 2011. (Dkt. No. 80.) Plaintiff is concerned that defendants Robert Whitman, Sr., Robert Whitman, Jr., and Carolyn Halsey filed notices of joinder in the Nemeth Defendants' motion on August 15, 2011. (Dkt. Nos. 65, 67, 69.) Plaintiff's request is denied only as to the Nemeth Defendants' motion to dismiss. However, because Robert Whitman, Sr., Robert Whitman, Jr., and Carolyn Halsey filed their notices of joinder in violation of the proper notice period provided in Local Rule 230, plaintiff need not separately respond to those defendants' notices of joinder in advance of the September 8, 2011 hearing. In any event, Robert Whitman, Sr., Robert Whitman, Jr., and Carolyn Halsey previously noticed a hearing on their respective motions to dismiss—filed separately from their notices of joinder in the Nemeth Defendants' motion—that will take place on October 6, 2011. (Dkt. Nos. 26-31, 57.) Plaintiff shall file written oppositions or statements of non-opposition to the Whitmans' and Halsey's motions in accordance with Local Rule 230 and based on the current hearing date of October 6, 2011.

Fourth, plaintiff requests that the court continue the September 15, 2011 hearing date on the motion to dismiss filed by defendants Ken Warner and Landstar Title Agency, Inc. ("Landstar") to September 22, 2011. (Dkt. Nos. 45, 80.) For the sake of efficiency, the undersigned continues the September 15, 2011 hearing on its own motion. The September 15, 2011 hearing on Warner and Landstar's motion to dismiss shall be heard on October 6, 2011, along with nine other motions to dismiss that are presently scheduled to be heard on October 6,

2011. Plaintiff shall file a written opposition or statement of non-opposition to Warner and Landstar's motion to dismiss in accordance with Local Rule 230 and based on the current hearing date of October 6, 2011. In light of the continued hearing date, plaintiff's request is denied as moot.

Fifth, plaintiff requests that the court enter an order, pursuant to Federal Rule of Civil Procedure 5(c)(1)(A), providing that the defendants in this case be relieved from serving their respective pleadings and responses to plaintiff's Second Amended Complaint on the other defendants. (Dkt. No. 43.) Plaintiff's request is denied because several of the defendants appearing in this case are proceeding without counsel and do not receive electronic service of the filings in this case through the court's CM/ECF filing system.

Finally, plaintiff requests an order of the court, pursuant to Federal Rule of Civil Procedure 4(c)(3), directing the U.S. Marshal to serve the summons and Second Amended Complaint on defendants Mike Carroll and Marketplace Realty. (Dkt. No. 79.) Plaintiff seeks this relief on the grounds that: (1) "the Suffolk County, NY Sheriff's Department has been derelict in their contracted duty to serve those defendants;" and (2) the 120-day time limit for service of the summons and complaint will expire on September 5, 2011. Rule 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3). As an initial matter, plaintiff's status as a party proceeding in forma pauperis was revoked after plaintiff paid the required filing fee in this case[1] (Order, June 8, 2011, Dkt. No. 17), and, as a result, the court is not under a mandatory obligation to order service by the U.S. Marshal. Additionally, plaintiff has not demonstrated why she cannot effectuate service by means other than the U.S. Marshal, such as a private process server. Accordingly, plaintiff's

---

[1] Plaintiff voluntarily paid the $350 filing fee despite previously declaring under penalty of perjury that she was unable to pay the fee or provide security for the fee.

request for an order directing the U.S. Marshal to serve the summons and Second Amended Complaint on defendants Mike Carroll and Marketplace Realty is denied.  However, for good cause shown, the undersigned extends the time for service provided in Rule 4(m), and plaintiff shall have an additional 90 days from September 5, 2011, to effectuate service on defendants Mike Carroll and Marketplace Realty.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte request for permission to use a "table format" in part of her written opposition to the Nemeth Defendants' motion to dismiss (Dkt. No. 82) is denied as moot.

2. Plaintiff's ex parte request for an order of the court prohibiting any of the defendants from filing any motions during the month of September 2011 (Dkt. No. 80) is denied.

3. Plaintiff's ex parte request to continue the hearing on the Nemeth Defendants' motion to dismiss from September 8, 2011, to September 15, 2011 (Dkt. No. 80) is granted in part and denied in part.  Plaintiff's request is denied as to the Nemeth Defendants, and the Nemeth Defendants' motion to dismiss will remain on calendar for September 8, 2011.  However, plaintiff need not separately respond to the untimely notices of joinder in the Nemeth Defendants' motion filed by defendants Robert Whitman, Sr., Robert Whitman, Jr., and Carolyn Halsey.  Separately filed motions to dismiss filed by the Whitmans and Halsey are presently set for a hearing date of October 6, 2011, and plaintiff shall file written oppositions or statements of non-opposition to the Whitmans' and Halsey's motions in accordance with Local Rule 230 and based on the current hearing date of October 6, 2011.

4. Plaintiff's request that the court continue the September 15, 2011 hearing on the motion to dismiss filed by defendants Ken Warner and Landstar Title Company to September 22, 2011 (Dkt. No. 45) is denied as moot.  The court, on its own motion, continues the September 15, 2011 hearing on Warner and Landstar's motion to October 6, 2011.  Plaintiff shall file a written opposition or statement of non-opposition to Warner and Landstar's motion to

4

dismiss in accordance with Local Rule 230 and based on the current hearing date of October 6, 2011.

    5.    Plaintiff's request that the court enter an order providing that the defendants in this case be relieved from serving their respective responsive pleadings or other responses to plaintiff's Second Amended Complaint on the other defendants (Dkt. No. 43) is denied.

    6.    Plaintiff's request for a court order directing the U.S. Marshal to serve the summons and Second Amended Complaint on defendants Mike Carroll and Marketplace Realty (Dkt. No. 79) is denied. However, pursuant to Federal Rule of Civil Procedure 4(m) and for good cause shown, plaintiff shall have an additional 90 days from September 5, 2011, to effectuate service on defendants Mike Carroll and Marketplace Realty.

IT IS SO ORDERED.

DATED: August 25, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE