# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 12-cv-00623 (JFB)(ETB)

LAURA LESKINEN,

Plaintiff,

VERSUS

CAROLYN A. HALSEY, ET AL.,

Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**
March 5, 2013

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Laura Leskinen ("plaintiff" or "Leskinen") filed her complaint against defendants Carolyn Halsey, Barbara Allan, Douglas Whitman, Robert Whitman, Jr., Robert Whitman, Sr., and Jennifer McHenry, all proceeding *pro se* (the "*pro se* defendants"); defendants Robert Kelly, Jr. and Kelly & Hulme, P.C., represented by counsel (the "Kelly defendants"); and defendants Joe Nemeth, Pinks, Arbeit & Nemeth, Mike Carroll, Landstar Title Company, Ken Warner, and Marketplace Realty, represented by counsel (the "Marketplace defendants").[1] Defendants subsequently filed seven separate motions to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Defendants argue that dismissal is warranted on two grounds: (1) this Court lacks subject matter jurisdiction due to the "probate exception" to federal jurisdiction; and (2) plaintiff has failed to state a claim upon which relief can be granted.

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Boyle, as well as plaintiff's objections to the R&R and both the Kelly and Marketplace defendants' respective reply papers. The R&R recommends that the Court grant defendants' motions to dismiss because the Court lacks subject matter jurisdiction due to the "probate exception"

---

[1] The Court refers to the *pro se* defendants, Kelly defendants, and Marketplace defendants collectively as, "the defendants."

[2] Defendant Jennifer McHenry did not join in the pending motions to dismiss. *See* Report and Recommendation, 12-CV-623 (JFB)(ETB), at 16 n.7 (E.D.N.Y. Jan. 28, 2013), ECF No. 178.

to federal jurisdiction.[3] The R&R further recommends that the Court dismiss plaintiff's complaint without leave to amend on the grounds that no amendment can cure the fundamental defect in subject matter jurisdiction.

For the reasons that follow, having reviewed the entire R&R *de novo*, the Court adopts Judge Boyle's thorough and well-reasoned R&R in its entirety.

I. PROCEDURAL HISTORY

Plaintiff filed her original complaint on December 17, 2010 in the Eastern District of California, and filed amended complaints on May 6, 2011 and May 31, 2011. On January 23, 2012, plaintiff's action was transferred to this Court by order of District Judge Morrison C. England. Following the transfer, defendants submitted seven different motions to dismiss plaintiff's second amended complaint in June and July of 2012. Plaintiff filed her opposition motion on August 20, 2012. Several of the defendants filed replies to plaintiff's opposition on September 14 and September 17, 2012. On October 19, 2012 and November 7, 2012, the Court referred defendants' motions to Magistrate Judge Thomas E. Boyle for a Report and Recommendation.

Magistrate Judge Boyle issued the instant R&R on January 28, 2013, and noted that any objections to the R&R were due within 14 days. Plaintiff filed her objections on February 12, 2013; the Kelly defendants submitted their reply on February 28, 2013, and the Marketplace defendants submitted their reply on March 1, 2013. The Court has fully considered the parties' submissions.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

---

[3] Magistrate Judge Boyle similarly concluded that dismissal against defendant Jennifer McHenry (who did not join in any of the pending motions to dismiss, *see supra*) is proper because the Court lacks subject matter jurisdiction over plaintiff's claims against her. *See* Report and Recommendation at 16 n.7 (citing *Durant, et. al. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.")).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff objects to the R&R with respect to its recommendation that the Court grant defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because plaintiff's claims are barred by the probate exception to federal jurisdiction. Specifically, plaintiff makes the following objections: (1) the proceedings in the Eastern District of New York were "presumptively prejudicial," (Pl.'s Objections at 2; *see also id.* at 4); (2) Magistrate Judge Boyle made a "deliberately false judicial presentation of the facts in the case," (*id.* at 2, 5); (3) Magistrate Judge Boyle admitted inadmissible evidence, (*id.* at 7); and (4) Magistrate Judge Boyle became a witness in this case when he participated in a live hearing with defendants Douglas Whitman and Carolyn Halsey, and therefore, "is not [in] a judicial position to dismiss the case," (*id.* at 3), and further, has purposefully misrepresented the laws of probate and the facts and law as to co-conspirators, (*id.*) Plaintiff also asserts that Magistrate Judge Boyle improperly "referr[ed] . . . this action to Judge Bianco," whom plaintiff claims to have disqualified "[p]ursuant to Judicial Canon 3." (*Id.*)

The Court has reviewed *de novo* the R&R in its entirety, and it adopts the R&R in all respects.

#### A. Propriety of the Proceedings

Several of plaintiff's objections to the R&R may best be described as challenges to the propriety of the proceedings before this Court, and not specifically to Magistrate Judge Boyle's rulings in the R&R. For instance, plaintiff seeks to disqualify the undersigned and Magistrate Judge Boyle, to exclude documentary evidence relevant to plaintiff's claims, and to challenge California law concerning business franchisees.[4]

To begin with, plaintiff – at least for purposes of this dispute – is neither a parent corporation nor a business franchisee, and thus California law concerning such entities is not relevant here. To the extent plaintiff's argument serves as a challenge to this action's transfer to the Eastern District of New York, plaintiff offers no argument as to why transfer here was improper. Moreover, the Court finds no such reason on review of the record. The underlying dispute concerns real property located in the State of New York that was formerly owned by plaintiff's deceased grandmother. *See* Order, 10-cv-3363 (MCE)(KJN), *Leskinen v. Halsey, et al.*, at 3 (E.D. Cal. Jan. 23, 2012), ECF No. 116. Thirteen of the fourteen named defendants reside in New York. *Id.* Transfer to the Eastern District of New York was therefore proper considering both the interests of justice and the parties' convenience.

Additionally, plaintiff's evidentiary challenges to Exhibits J and L are baseless. These documents are public records which plaintiff could have independently accessed at any point in time, thereby removing her concerns as to the alleged fraudulent nature of such documents. (*See* Pl.'s Objections at 7-8.)[5] Moreover, the exhibits are highly relevant to the underlying issues of the

---

[4] In particular, plaintiff states that "California's Business Code is repugnant to the constitution, as California has set up a new caste system: the individual, the corporation, with the business franchisee at the top of this repugnant-to-the-constitution racism." (Pl.'s Objections at 4.)

[5] Specifically, Exhibit J consists of the "Letters of Administration of a Small Estate" by the State of Maryland. (*See* Defs.' Notice of Mot. to Dismiss Exhibits J, L ("Exhibits J & L").) Exhibit L is a decision issued by the Surrogate Court of Suffolk County addressing an ancillary probate proceeding for plaintiff's grandmother's will. (*Id.*)

3

dispute, as these exhibits concern the probate of the contested estate and its implications for the sale of the subject property. Thus, plaintiff's challenges of inadmissibility on the grounds that the documents have been "doctored" and "generated under fraudulent conditions," with the insinuation that such documents are not relevant to this dispute, must fail. (*See id.* at 7-8.)

Regarding plaintiff's challenge to the undersigned presiding over the case, it is well-established that the district judge has discretion to determine whether disqualification is warranted in a given matter. *See Sec. & Exch. Comm'n v. Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). This is so because "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Id.* When determining whether recusal is appropriate, the trial judge must balance "the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *Id.* Stated differently, "[l]itigants are entitled to an unbiased judge; not to a judge of their choosing." *Id.* Where a litigant produces no evidence showing to the contrary, a judge's impartiality will be presumed. *See Wolfson v. Palmieri*, 396 F.2d 121, 126 (2d Cir. 1968). Here, the record is clear that the undersigned never recused himself from this action, and plaintiff has no authority to declare the undersigned as recused. Furthermore, there is absolutely no basis for recusal in this case. The Court accordingly rejects plaintiff's frivolous allegations on this issue, and any motion to recuse or disqualify the undersigned is denied.

Plaintiff's challenge as to Magistrate Judge Boyle similarly fails. The only evidence plaintiff offers is: (1) Magistrate Judge Boyle referred to the second amended complaint simply as the complaint, which suggests he never reviewed plaintiff's second amended complaint or subsequent filings, (Pl.'s Objections at 5-6); (2) Magistrate Judge Boyle performed a "rubber stamp revival of all ex Magistrate Judge Kelly's attorney Morante's debunked myths," and a "regurgitation of false statements made by defendants with regard to the probate exception to jurisdiction," (*id.* at 6); and (3) Magistrate Judge Boyle "is an active participant in this case as he now is a witness and can attest to the May 2012 telephone conference admission by co-conspirator defendant Douglas Whitman," (*id.* at 8.)

Plaintiff's first two challenges are nothing more than conclusory allegations that are insufficient for purposes of establishing that disqualification of Magistrate Judge Boyle is warranted or that the proceedings here were otherwise biased, unfair, or tainted. *See generally Walker v. New York*, 345 F. Supp. 2d 283, 290-91 (E.D.N.Y. 2004) ("[P]laintiff cannot meet his burden of showing the lack of a full and fair opportunity to litigate a prior action through a bare conclusory allegation. Rather, the plaintiff must point[ ] to specific instances from which it can be concluded that the proceeding . . . or its decision, was fundamentally unfair. Plaintiff does not allege any specific incidents indicating that his [prior] proceedings were unfair. . . . This sort of bare conclusory allegation is clearly insufficient to meet Plaintiff's burden . . . ." (first alteration in original) (citations and internal quotation marks omitted)).

As to plaintiff's third objection, the fact that Magistrate Judge Boyle participated in a telephone conference does not provide grounds for his disqualification. Judges often participate in telephone conferences in

4

cases. At times, the parties might appear before the judge for an in-person hearing or an oral argument. This interaction with the parties does not, in and of itself, provide grounds for disqualification. Moreover, plaintiff points to no facts or evidence suggesting that the communications here show any possible bias or impropriety, nor does the record reflect any such grounds for disqualification.

### B. Challenges to the R&R

Turning to plaintiff's specific objections to the R&R, the Court has carefully reviewed plaintiff's arguments and agrees with Magistrate Judge Boyle that this Court lacks subject matter jurisdiction to hear plaintiff's action on account of the probate exception. The Supreme Court's decision in *Marshall v. Marshall*, clarifying the scope of this exception, and upon which plaintiff heavily relies, does not alter the result. 547 U.S. 293 (2006).

*Marshall* states that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12; *see also Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (noting that state probate courts are the appropriate court in which to probate a will or administer a decedent's estate, but that the probate exception does not bar a federal court from adjudicating matters outside those otherwise confined to the state probate courts). In *Marshall*, the Supreme Court explained that, because plaintiff's claim of alleged tortious interference with a gift or inheritance from the decedent did not concern the administration of an estate or the probate or annulment of a will, or seek a *res* in the custody of a state court, the federal court there properly had jurisdiction. *Marshall*, 547 U.S. at 311-12. Plaintiff similarly seeks to establish that her claims concern matters outside of those confined to the state probate courts, thus supporting this Court's jurisdiction over the same. (*See* Pl.'s Objections at 12 (noting that probate exception generally "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate, and precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court," but that the exception in that case did not deprive the court "of jurisdiction over widow's claim that her stepson tortiously interfered with her expectancy of inheritance or gift from her deceased husband").)

The Court rejects plaintiff's arguments. All of plaintiff's allegations target the allegedly improper arrangement by defendants of the sale of plaintiff's grandmother's property, in violation of both the will and proper probate procedures. Thus, plaintiff's allegations squarely implicate both the terms of the will and the probate proceedings. (*See*, *e.g.*, Second Am. Compl. ¶ 6 ("The Enterprise, which should have been individuals and businesses involved in a legitimate ancillary probate of and sale of DECEDENT'S property, and legal and forthright distributions based on Decedent's 1996 will, was illegally perverted for a common purpose so as to deprive PLAINTIFF of PROPERTY and money in the interstate real estate transaction."); *id.* ¶¶ 45-46 (describing conversations with certain defendants regarding whether or not decedent's will had been probated, and which plaintiff asserts represent part of a fraudulent scheme to try and deprive her of property devised to her under the terms of the will).) As Magistrate Judge Boyle aptly noted, for this Court to best address plaintiff's allegations, it would have "to determine whether and to what

extent the disposition of the Property is governed by [plaintiff's grandmother's] will," and "in the event that plaintiff were to succeed in establishing that the Property is part of [the decedent's] estate and should be distributed in accordance with [the decedent's] will, the Court would be called upon to determine plaintiff's percentage of ownership in the Property," requiring the Court to "become involved in the administration of [the decedent's] will and estate." Report and Recommendation at 15-16.

Because plaintiff's claims directly target the administration of her grandmother's estate, including the allegedly improper disposition of real property, the probate exception applies and precludes this Court from having jurisdiction over the dispute. *See Lefkowitz*, 528 F.3d at 107 (finding probate exception applicable where plaintiff sought property that remained under the probate court's control); *Ex'r of Estate of Kates v. N. Trust Corp.*, 04-CV-5153(DRH)(WDW), 2005 WL 3088695, at *2 (E.D.N.Y. Nov. 17, 2005) (finding no subject matter jurisdiction because dispute "turn[ed] singularly" on the issue of whether a trust to which the decedent's estate was a beneficiary had been mismanaged, and this was an issue that was "either directly or indirectly" before the probate court). As this Court lacks subject matter jurisdiction, it does not address defendants' other arguments in support of dismissal. *See Avni v. Pilgrim Psychiatric Ctr.*, 05-CV-5346 JS ETB, 2006 WL 2505241, at *6 (E.D.N.Y. Aug. 28, 2006) (finding consideration of defendants' remaining arguments unnecessary where court already had concluded that no subject matter jurisdiction existed over plaintiff's claims); *see also Nasser v. Andersen Worldwide Societe Coop*, 02 Civ. 6832(DC), 2003 WL 22179008, at *2 (S.D.N.Y. Sept. 23, 2003).

C. Leave to Amend

The R&R correctly explains that, while a court should read a *pro se* complaint liberally and grant leave to amend where a valid claim might properly be stated, a court may deny such leave where it is clear that a plaintiff will be unable to provide any facts in support of her amended claims. *See* Report and Recommendation at 17 (citing *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002); *Pangburn v. Culbertson*, 200 F.3d 65, 71 (2d Cir. 1999); *Aquino v. Prudential Life & Cas. Ins. Co.*, 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005)). The Court agrees with Magistrate Judge Boyle that, even if leave to amend were granted, plaintiff will not be able to provide any facts that do not similarly trigger the probate exception. All of plaintiff's allegations throughout her complaints concern the allegedly wrongful disposition of real property, which plaintiff argues was governed by her grandmother's will and by which it should have been distributed amongst the inheritors under the will. Because any amendment will still present issues concerning the administration of plaintiff's grandmother's estate and the terms of her grandmother's will, this Court agrees that leave to amend should not be granted. Accordingly, leave to amend is denied.

IV. CONCLUSION

Having conducted a *de novo* review of the R&R, the Court adopts the R&R in its entirety. Specifically, the Court grants defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as this Court lacks subject matter jurisdiction due to the probate exception. Plaintiff's complaint against defendants is

dismissed without leave to replead.[6] The Clerk of the Court shall close the case and enter judgment accordingly.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 5, 2013
       Central Islip, NY

\* \* \*

The plaintiff proceeds *pro se*: P.O. Box 6208, Folsom, CA 95763. Defendant Carolyn A. Halsey proceeds *pro se*: 53 N. Paquatuck Avenue, East Moriches, NY 11940. Defendant Barbara Allan proceeds *pro se*: 111 Seville Boulevard, Sayville, NY 11782. Defendant Robert Whitman, Sr. proceeds *pro se*: 2904 Devonoak Boulevard, Land O'Lakes, FL 34638. Defendant Douglas Whitman proceeds *pro se*: 45 Trudy Drive, Sykesville, MD 21784. Defendant Robert Whitman, Jr. proceeds *pro se*: 505 2d Avenue SE, Lutz, FL 33549. Defendant Jennifer McHenry proceeds *pro se*: 328 N. Titmus Drive, Mastic, NY 11950. Defendants Marketplace Realty, Mike Carroll, Joe Nemeth, Pinks, Arbeit & Nemeth, Ken Warner, and Landstar Title Company, Inc. are represented by Cristina Roseann Yannucci, Lewis Brisbois Bisgaard & Smith LLP, 77 Water Street, Suite 2100, New York, NY 10005, David E. Long, Lewis, Brisbois, Bisggard & Smith, 221 N. Figueroa Street, #1200, Los Angeles, CA 90012, and Anthony Proscia, Lewis Brisbois Bisgaard & Smith, LLP, 77 Water Street, Suite 2100, New York, NY 10005. Defendants Robert Kelly, Jr. and Kelly & Hulme, PC are represented by Robert William Lucas, Murphy Pearson Bradley & Feeney, 1375 Exposition Boulevard, Suite 250, Sacramento, CA 95815, Heather Arlene Morante and Matthew R. Jaeger, L'Abbate Balkan Colavita & Contini LLP, 1001 Franklin Avenue, Garden City, NY 11530, and Marian C. Rice, L'Abbate, Balkan, Colavita & Contini LLP, 1050 Franklin Avenue, Garden City, NY 11530.

---

[6] The Court agrees with Magistrate Judge Boyle's recommendation that the complaint should be dismissed *sua sponte* against defendant Jennifer McHenry, despite her not having joined in the motions to dismiss, as this Court also lacks subject matter jurisdiction over plaintiff's claims against her for the same reasons that it lacks such jurisdiction over the main defendants. *See* Report and Recommendation at 16 n.7 (citing *Durant, et al.*, 565 F.3d at 62 ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.")).